### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JAMES GILES, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| vs. ) | 1:10-cv-04095-ODE -JFK |
| ) | |
| PREMIERE CREDIT OF NORTH ) | |
| AMERICA, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendant submits this Reply to Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(a)(1)(C) and Local Rule 7.1(C).

### I.   The Parties Have Filed A Separate Stipulation As To Exhibit A To Defendant's Motion To Dismiss.

Plaintiff complains that the dunning letter attached to Defendant's motion as Exhibit A [Doc. 3] does not contain Plaintiff's address; therefore, Defendant's motion should be denied.[1]  The Parties have since filed on the record a stipulation as to the unredacted document which both parties now consent to file on the public

---

[1] Doc. 11.  Plaintiff's Brief in Opposition to Defendants Motion to Dismiss.  Pg. 2.

record without redaction, see [Doc. 13].² Defendant asks the Court to consider the undredacted version of the document in support of its motion to dismiss. Plaintiff's argument that the motion should be denied because the original Exhibit was redacted should be rejected.

## II. Plaintiff Never Alleges When The "Initial Communication" Occurred Nor Does He Allege The Content Of That Communication.

Plaintiff fails to allege when the initial communication occurred between the Plaintiff and Defendant. Absent these allegations, Plaintiff fails to state a claim under 1692g. In order for the written disclosure requirements of 1692g to apply, Plaintiff must have had an "initial communication" with the Defendant *and* that initial communication must not have included the disclosures required by 1692g. Plaintiff makes no such allegations in the Complaint. Plaintiff does not allege when the initial communication occurred in order to determine whether a written notice was sent within 5 days thereafter.³ Moreover, Plaintiff does not allege that the

---

² The address was redacted from the document pursuant to this Court's Standing Order 04-02 which prohibits the filing of home addresses stating, "Home Addresses. If a home address must be included, only the city and state should be listed."

³ It matters not that the Plaintiff did not *receive* Defendant's letter. Defendant satisfies its obligations under 15 U.S.C. §1692g when it *sends* the required disclosures. *See, Mahon v. Credit Bureau*, 171 F.3d 1197 (9th Cir. 1999). This rule has been adopted by the Northern District of Georgia in *Taylor v. Heath W. Williams, L.L.C.*, 510 F. Supp. 2d 1206, 1212 (N.D. Ga. 2007)(Judge Thrash), *Thomas v. LDG Fin. Servs., LLC*, 463 F. Supp. 2d 1370, 1374 (N.D. Ga. 2006)(Judge Ward ).

*content* of the initial communication omitted the disclosures identified in 1692g. No written disclosure is required under 1692g at all if the content of the initial communication between the parties included the required disclosures.  Plaintiff does not allege sufficient facts to state a claim.  Plaintiff's claims do not meet the "conceivability" standard of *Ashcroft v. Iqbal,* 556 U.S. __, 129 S. Ct. 1937 (2009). Defendant asks the Court to dismiss the Complaint.

### III. The Law Prohibits Only The *False* Representation Or Implication Of A Government Relationship.

Plaintiff overlooks a very important word in the statute – the word "false." The FDCPA prohibits:

> The *false* representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

15 U.S.C. §1692e(1).  The only circumstance in which a debt collector's statement about affiliation with the United States can violate this section is if the statement is false.  Truthful statements about being vouched for, bonded by, or affiliated with the United States do not violate the law.

Here, there is no dispute that Defendant was collecting a debt owed to the United States Department of Education.  Plaintiff does not dispute the identity of the creditor.  Nor does Plaintiff object to or refute the content of the audio recordings of the telephone calls between Plaintiff and Defendant which have been

submitted to the Court in support of this motion to dismiss.[4]  Defendant never said it was "vouched for, bonded by, or affiliated with" the United States or any state. Defendant never made a *false* statement to the Plaintiff.

The cases relied by Plaintiff are distinguishable because the creditor in those cases was not the United States.  Here, it is.  Defendant's statement that it was calling on behalf of the "United States Department of Education" is not false and the statement does not violate the statute.  Plaintiff's claims under 1692e should be dismissed.

## CONCLUSION

Plaintiff has not sufficiently pled his claims.  Plaintiff's Complaint should be dismissed in its entirety.

Respectfully submitted this 15th day of February, 2011.

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard, Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Michael K. Chapman
Georgia Bar No. 322145

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 244
Facsimile: (678) 253-1873

---

[4] Plaintiff does not allege more calls occurred between Plaintiff and Defendant for which for which no recordings have been provided.

- 4 -

jbedard@bedardlawgroup.com
mchapman@bedardlawgroup.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES GILES, ) | |
| ) | |
| Plaintiff, ) | Civil Action File No. |
| vs. ) | 1:10-cv-04095-ODE -JFK |
| ) | |
| PREMIERE CREDIT OF NORTH ) | |
| AMERICA, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2011, I electronically filed this Reply to Plaintiff's Brief in Opposition to Motion to Dismiss using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

G. Christopher Gleason
cgleason@theroselawfirm.com

                                        /s/John H. Bedard, Jr.
                                        John H. Bedard, Jr.
                                        Georgia Bar No.  043473